COMMONWEALTH *vs.* LARRY D. INGRAM. October 7, 1982. Evidence tying the defendant to the aggravated rape, armed assault in a dwelling, and armed robbery of which he was convicted was overwhelming. The victim identified the defendant. He had a bald spot over his left ear and a scar on his inner thigh which the victim had described. His fingerprints were on a wine bottle which was in the apartment on the night of the rape. Items stolen from the victim were found where the defendant lived, and he had the victim's telephone number. Possession of the telephone number was consistent with the victim's testimony that the defendant had copied her telephone number into a book he carried.

The contention on appeal is improper closing argument. We have read the argument in its entirety. The recitation of the evidence was not distorted or mischaracterized, as the defendant argues. To the degree the recitation of the evidence was inflammatory, that was inherent in the odious and brutal nature of the crimes committed. It was, perhaps, not necessary for the prosecutor to have said: "Sympathy has no place in a

court of law . . . and when you start to feel sympathy for [the defendant], I want you to pause a minute. I want you to think and imagine the terror, the pain, the indignity and the humiliation that he inflicted upon [the victim]." Arguing that the public has rights and that the case should not be decided on sympathy is, however, within the bounds of permissible argument. *Commonwealth* v. *McColl*, 375 Mass. 316, 323 (1978). See *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 423-424 (1978). In any event, defense counsel made no express objection to the remark quoted so that the judge might be alerted to making an appropriate neutralizing instruction. Counsel's motion for a mistrial was a too generalized objection to the summation to have raised the issue now argued. See generally *Commonwealth* v. *DeChristoforo*, 360 Mass. 531, 536-539 (1971); *Commonwealth* v. *Nordstrom*, 364 Mass. 310, 316 (1973); *Commonwealth* v. *Fitzgerald*, 376 Mass. at 424; *Commonwealth* v. *Daigle*, 379 Mass. 541, 549-550 (1980). Contrast *Commonwealth* v. *Redmond*, 370 Mass. 591, 596-597 (1976); *Commonwealth* v. *Hawley*, 380 Mass. 70, 82-88 (1980).

*Judgments affirmed.*

*Carlo A. Obligato* for the defendant.
*Michael J. Traft*, Assistant District Attorney, for the Commonwealth.