COMMONWEALTH vs. MICHAEL GUESS.

Hampshire.    October 9, 1986. — December 3, 1986.

Present: GREANEY, C.J., PERRETTA, & SMITH, JJ.

*Rape. Practice, Criminal,* Examination of jurors, Argument by prosecutor.

At the trial of a case involving an interracial sexual crime in which defense counsel did not request that, pursuant to G. L. c. 234, § 28, second par., the judge question prospective jurors individually as to racial bias, the judge was not required to engage in a colloquy with the defendant on his own initiative to determine whether the defendant wished to have the judge undertake such an examination. [209-212]

At the trial of an indictment charging the crime of forcible rape upon a child who had not yet attained the age of sixteen, there was no merit to the defendant's contention that the prosecutor's closing argument, to which no objection had been made, deprived him of a fair trial because it contained "inflammatory reference to the victimization of children." [212]

INDICTMENT found and returned in the Superior Court Department on July 26, 1984.

The case was tried before *John F. Moriarty,* J.

*Carol A. Donovan,* Committee for Public Counsel Services, for the defendant.

*Charles K. Stephenson,* Assistant District Attorney, for the Commonwealth.

SMITH, J. The defendant was indicted for the crime of forcible rape upon a child who had not attained the age of sixteen. He was convicted by a jury of the lesser included offense of statutory rape. The defendant is a black man, and the alleged victim is white. He claims, on appeal, that the judge erred in not advising him of his right to have the prospective jurors interrogated individually as to racial bias. He also contends that the prosecutor's closing argument constituted prejudicial error.

1. *The colloquy issue.* At the beginning of the trial, the judge informed the prospective jurors of the charge and the names of the witnesses. He then proceeded to ask them, as a group, the questions required by G. L. c. 234, § 28, first par. Also see Mass.R.Crim.P. 20(b)(1), 378 Mass. 889 (1979). Defense counsel did not request an examination, pursuant to G. L. c. 234, § 28, second par., and the judge did not question the prospective jurors individually about possible racial prejudice.[1] In addition, the judge was unaware until after the trial started that the victim is white.[2]

The Supreme Judicial Court has held that in the trial of an offense similar to the type with which the defendant was charged, the trial judge, pursuant to G. L. c. 234, § 28, second par., "must grant a defendant's request for individualized questioning of prospective jurors as to racial bias." *Commonwealth v. A Juvenile,* 396 Mass. 215, 221 (1985). See *Commonwealth v. Sanders,* 383 Mass. 637, 640-641 (1981) (interracial rape

---

[1] The second paragraph of G. L. c. 234, § 28, as appearing in St. 1975, c. 335, reads as follows:

"For the purpose of determining whether a juror stands indifferent in the case, if it appears that, as a result of the impact of considerations which may cause a decision or decisions to be made in whole or in part upon issues extraneous to the case, including, but not limited to, community attitudes, possible exposure to potentially prejudicial material or possible preconceived opinions toward the credibility of certain classes of persons, the juror may not stand indifferent, the court shall, or the parties or their attorneys may, with the permission and under the direction of the court, examine the juror specifically with respect to such considerations, attitudes, exposure, opinions or any other matters which may, as aforesaid, cause a decision or decisions to be made in whole or in part upon issues extraneous to the issues in the case. Such examination may include a brief statement of the facts of the case, to the extent the facts are appropriate and relevant to the issue of such examination, and shall be conducted individually and outside the presence of other persons about to be called as jurors or already called."

[2] During the appeal process the defendant filed a motion in the trial court to clarify the record with respect to when the trial judge first learned the race of the complaining witness. The judge responded that he did not become aware of the race of the complaining witness until she came into the courtroom to testify.

cases); and *Commonwealth* v. *Hobbs,* 385 Mass. 863, 873 (1982) (interracial sexual offenses against children). The court has also cautioned trial judges that before granting a defendant's request for individualized questioning of prospective jurors in regard to racial bias, the judge must conduct a colloquy with the defendant (not defense counsel) in order "carefully [to] ascertain that the defendant's decision to insist on specific questions regarding racial bias was a knowing and voluntary one, made with an understanding that such specific questions may activate latent racial bias in certain prospective jurors or may insult others without uncovering evidence of bias in hard-core bigots who refuse to acknowledge their prejudice." *Commonwealth* v. *Lumley,* 367 Mass. 213, 217 (1975). *Commonwealth* v. *Sanders, supra* at 641. *Commonwealth* v. *Rivera,* 397 Mass. 244, 251 (1986).

The defendant's appellate counsel claims that because trial counsel did not request race-related, individualized questioning of prospective jurors, G. L. c. 234, § 28, second par., requires that the judge determine sua sponte, by means of a colloquy with the defendant, whether he wishes to have the judge ask the questions of the prospective jurors individually. The failure of the judge to conduct the colloquy, according to appellate counsel, deprived the defendant of his right to make an informed personal decision whether such inquiry should be made. Appellate counsel cites *Commonwealth* v. *A Juvenile, supra,* as support for her argument. We disagree and hold that that decision does not control the result here.

In *Commonwealth* v. *A Juvenile, supra,* a case involving an interracial crime of violence, defense counsel moved, under G. L. c. 234, § 28, second par., that prospective jurors be individually interrogated about possible racial prejudice. The judge agreed to ask the questions but failed to inquire of the defendant whether his decision to request race-related individual questioning of the prospective jurors was made voluntarily and with knowledge that such questioning might damage his case. The Commonwealth argued that the obligation to conduct such a *Lumley-Sanders* type of colloquy was contingent on a specific request by defense counsel. The court disagreed

and held that "*a valid request for individualized interrogation under Sanders imposes, by itself, a duty on the trial judge to engage in a colloquy with the defendant (emphasis supplied).*" *Id.* at 223.

As can be readily seen, *A Juvenile* involved (1) a request from defense counsel for the judge to question the prospective jurors individually about possible racial prejudice and (2) questioning of the defendant by the judge in order to determine that "the defendant has been informed of, and understands, the risks and potential dangers of this type of voir dire . . . ." *Id.* at 223. In the instant case, unlike *A Juvenile,* no request was made by defense counsel for individualized questioning of the jurors as to racial bias. Further, there is nothing in that decision that even suggests that a judge must, in a matter that involves interracial sex or violence, in the absence of a motion from defense counsel, inform a defendant that he has the right to have prospective jurors questioned individually about possible racial bias.

We cannot perceive any logical reason for us to promulgate such a rule, especially where, as here, the judge was unaware of the interracial aspects of the case until after the jury were empanelled. Obviously, the defendant and defense counsel were both aware that the case involved a claim of interracial sex and violence. It may reasonably be assumed that defense counsel did not file a G. L. c. 234, § 28, second par., motion for tactical reasons.[3] Appellate courts have not been in favor of a judge's taking over the trial of a case, see *Commonwealth v. Campbell,* 371 Mass. 40, 45 (1976).[4] We are equally not in favor of a trial judge's undertaking a defendant's motion practice.

In addition, a rule such as that advanced by the defendant could cause mischief in the courtroom. The judge first would

---

[3] The defendant's appellate counsel readily admits in the brief that a motion was not filed by trial counsel because of an "explicit tactical choice."

[4] In *Campbell,* it was stated that "[w]e are not unmindful of the observation of Francis Bacon on the 'overspeaking judge,' and we have not favored except in extenuating circumstances the takeover of questioning by a judge during the course of trial." 371 Mass. at 45.

advise the defendant of his right to have prospective jurors questioned on an individual basis as to racial bias. If the defendant stated that such questioning should take place, the judge then would have to engage in a *Lumley-Sanders* colloquy and warn him of the risks and potential dangers of such questioning. Such contrary advice from the judge would be confusing to a defendant and cast considerable doubt on the voluntariness of his ultimate decisions whether to question the prospective jurors individually. We believe that the present procedure adequately protects the rights of defendants.

We also note that the jury in this case discounted the victim's testimony on the question of force and, therefore, acquitted the defendant on the more serious charge. *Commonwealth* v. *Lumley*, 367 Mass. at 223 (the fact that the defendant was acquitted of certain inflammatory charges was "strong evidence that the jurors were, in fact, impartial and the [questioning] conducted by the trial judge was appropriate in these circumstances").

2. *The prosecutor's closing argument.* The defendant claims that the prosecutor's closing argument deprived the defendant of a fair trial because it contained "inflammatory reference to the victimization of children." There was no objection to the argument at trial, and we review the defendant's claim under the "substantial risk of miscarriage of justice" standard. *Commonwealth* v. *Freeman*, 352 Mass. 556, 563-564 (1967). Upon examination of the prosecutor's argument we find no error. In addition, we note that the trial judge in his charge to the jury gave strong and clear instruction as to the limited role of closing arguments.

*Judgment affirmed.*