COMMONWEALTH *vs.* DEREK BARROS. August 5, 1987. *Alibi. Evidence,* Impeachment of credibility. *Practice, Criminal,* Argument by prosecutor.

The defendant was acquitted of armed robbery but was convicted on three indictments for assault and battery by means of a dangerous weapon. The indictments arose out of an incident which occurred at appproximately 2:45-3:00 A.M. on the morning of September 22, 1984. The principal defense was mistaken identity. The defendant offered three alibi witnesses; of the three, only Herman Cole, a Boston police officer and family friend, testified to having been with the defendant at the time the incident occurred.

1. a) Cole did not come forward until the defendant subpoenaed him on the second day of trial. The Commonwealth moved to exclude his testimony, but following a voir dire the trial judge allowed Cole to take the stand. The Commonwealth sought, through cross-examination and in closing argument, to discredit Cole's testimony on the basis of his failure to come forward earlier. The defendant contends that the argument, to which there was no objection, presented a substantial risk of a miscarriage of justice because the prosecutor had not met the fourth foundation requirement of *Commonwealth* v. *Brown,* 11 Mass. App. Ct. 288, 296-297 (1981), that before impeaching with evidence of a witness's failure to come forward, the prosecution must establish that "the defendant or his lawyer, or both, did not ask the witness to refrain from" reporting his information to the proper authorities. See *Commonwealth* v. *Berth,* 385 Mass. 784, 790-791 (1982); *Commonwealth* v. *Egerton,* 396 Mass. 499, 507 (1986); *Commonwealth* v. *Bassett,* 21 Mass. App. Ct. 713, 716-717 (1986). We think, however, that the fourth *Brown* requirement was sufficiently established in this case. Cole, who professed not to have spoken to the defendant's counsel at all prior to the trial, suggested that the reason for his failure to come forward earlier was that he was unaware that the Commonwealth was pressing the charges; and from this a fair inference can be drawn that his reason for not coming forward earlier was *not* that he had been so instructed by the defendant. See *Commonwealth* v. *Brown,* 11 Mass. App. Ct. at 295-297. See also *Commonwealth* v. *Cefalo,* 381 Mass. 319, 338 (1980); *Commonwealth* v. *Hesketh,* 386 Mass. 153, 162-164 (1982); *Commonwealth* v. *Mahan,* 18 Mass. App. Ct. 738, 743-744 (1984).

b) There was no violation of G. L. c. 278, § 23 (see *Commonwealth* v. *Barber,* 14 Mass. App. Ct. 1008, 1010 [1982] ), when the prosecutor without objection asked Cole whether he had been "aware that Derek Barros was in Roxbury District Court for the purpose of a probable cause hearing." The question was intended only to show that Cole did in fact know that the prosecution was ongoing. It was not intended to show (and did not show) that the defendant had failed to offer evidence at that hearing. Compare *Commonwealth* v. *Cefalo,* 381 Mass. at 337-338; *Commonwealth* v. *Egerton,* 396 Mass. at 508; *Commonwealth* v. *Barber,* 14 Mass. App. Ct. at 1009-1010. A further inquiry into the probable cause hearing was excluded upon an objection prompted by the judge. Contrast *Commonwealth*

v. *Palmarin*, 378 Mass. 474, 476-478 (1979); *Commonwealth* v. *Morrison*, 1 Mass. App. Ct. 632, 635-637 (1973).

2. The defendant seeks a reversal because of the brief, introductory portion of the prosecutor's closing argument which mentioned the "rights of victims . . . [to] walk down the street . . . [and to] associate with other people free from fear that they are going to be robbed, beaten, have their money stolen and shoved out the door stark naked," to which there was no objection at trial. If these remarks were inappropriate, they were not so prejudicial as to create a risk of a miscarriage of justice. The case is comparable in this respect to *Commonwealth* v. *McColl*, 375 Mass. 316, 323 (1978), *Commonwealth* v. *Fitzgerald*, 376 Mass. 402, 423-424 (1978), and *Commonwealth* v. *Ingram*, 14 Mass. App. Ct. 999, 999-1000 (1982).

*Judgments affirmed.*

*Thomas C. Federico*, Committee for Public Counsel Services, for the defendant.

*Daniel P. Napolitano*, Assistant District Attorney, for the Commonwealth.