COMMONWEALTH *v.* MILTON THOMAS
(and five companion cases[1]).

Essex. May 7, 1987. — August 12, 1987.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Practice, Criminal,* Instructions to jury, Argument by prosecutor, Duplicitous convictions, Appeal. *Evidence,* Fresh complaint. *Indecent Assault and Battery. Constitutional Law,* Delay in appeal.

On an appeal from convictions of rape, indecent assault and battery, and kidnapping, there was no merit to the defendants' claim that the judge failed to instruct on his own initiative that fresh complaint evidence was not admissible on the kidnapping charge, where in fact he did so instruct the jury. [678]

At the trial of a criminal case, no error appeared in the judge's instructions, considered in their entirety, with respect to a defendant's right not to testify, even though the better course would have been to accede to a defendant's request that the judge refrain from using references to the defendant's "failure," "neglect," and "refusal" to testify. [678-680]

Where a jury, on the instructions given, may have improperly convicted the defendants of rape and indecent assault and battery based on the same acts or series of acts, it was held that the convictions were duplicitous and that the sentences imposed on the lesser included offenses of indecent assault and battery were to be vacated and the indictments dismissed. [680-682]

At a criminal trial, no substantial risk of a miscarriage of justice was occasioned by remarks in the prosecutor's opening statement and closing argument, considering the context of the entire argument, the judge's instructions to the jury, and the evidence at trial. [682-684]

A twenty-month delay in the preparation of criminal trial transcripts was not shown to have been caused by "intentional or deliberate misconduct by the prosecutor" [684]; nor were the defendants prejudiced by the delay because they chose to wait until after their appeals were considered to file motions to revise or revoke their sentences [684-685].

---

[1] Milton Thomas and his codefendant, Michael Moore, were each tried on three indictments.

INDICTMENTS found and returned in the Superior Court Department on April 27, 1982.

The case was tried before *Robert A. Barton, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Douglas C. Marshall (Willie Davis* with him) for the defendants.

*Elin H. Graydon,* Assistant District Attorney, for the Commonwealth.

HENNESSEY, C.J. After a jury trial in the Superior Court, the defendants were convicted of aggravated rape, indecent assault and battery, and kidnapping. They appeal, arguing that: (1) the judge erred in instructing the jury on the defendants' decision not to testify, on lesser included offenses to the charge of rape, and on fresh complaint evidence; (2) the prosecutor's statements in opening and closing arguments prejudiced their rights to a fair trial; and (3) the judge erred in denying the defendants' motion to dismiss the indictments because of the delay in preparing trial transcripts. We transferred the cases to this court on our own motion.

On Saturday, September 4, 1982, the victim, then eighteen years old, was met as she left work in Portsmouth, New Hampshire, by two friends and the defendants, Milton Thomas and Michael Moore. The victim recognized Milton Thomas, who lived near her, but she had not previously seen Michael Moore. At the urging of her friends, the victim joined the group in Thomas's automobile, intending to drive to a party at a friend's house in Lynn, Massachusetts.

The group drove first to a park in Dover, New Hampshire, where they drank rum and beer, and everyone but the victim ingested cocaine. After leaving the park, the group drove toward Lynn. On the way, they stopped at a gas station, where they smoked some marihuana. When they got back into the car, the victim sat in the back seat on the driver's side. Milton Thomas sat next to her, and the others sat in the front seat, with Michael Moore driving. During the ride to Lynn, Thomas began touching the victim, rubbing her breasts and crotch through her clothes, and saying, "Come on, baby." The victim told him to "cut it out," but he persisted.

When they arrived in Lynn, the victim's two friends got out of the car. The victim testified that she attempted to get out of the car, but the door would not open, and Thomas restrained her. The defendants said something about going to get more beer, and drove off, with the victim still in the back seat with Thomas. The victim testified that she struggled to get away, and screamed for help.

As Moore drove, Thomas sexually assaulted the victim in the back seat. Despite the victim's struggling, Thomas touched her breasts, pulled her pants and underwear part way down, penetrated her vagina with his finger, and made her put her mouth to his penis. At one point while she was struggling with Thomas, Moore, who was driving, turned around and punched her twice in the face.

Moore stopped the car, and he and Thomas changed places, forcing the victim to remain in the back seat. Moore then assaulted the victim physically and sexually. He pulled her hair and struck her repeatedly, and raped her orally, vaginally, and anally. Finally, the victim persuaded the defendants to let her out of the car to relieve herself. When she got out, she ran to a nearby apartment house.

1. The defendants argue that the judge erred in failing to instruct the jury, sua sponte, that fresh complaint evidence was not admissible on the kidnapping charge. We reject the defendants' argument. Not only did the judge properly instruct the jury in his charge that fresh complaint evidence was admissible only on the indictments for aggravated rape and indecent assault and battery, and not for any purpose on the indictment for kidnapping, he also had so instructed the jury repeatedly during trial. There was no error.

2. Thomas's attorney submitted a request for an instruction on Thomas's decision not to testify at trial, and specifically requested that the judge refrain from referring to Thomas's "refusal" or "neglect" to testify. The judge denied Thomas's request, and instructed the jury using the language of G. L. c. 233, § 20 (1986 ed.).[2] Thomas's attorney renewed his objec-

---

[2] The judge instructed the jury: "Defendant's failure to testify. The defendants did not testify at this trial. We have a statute which says that a Defendant

tion after the jury were instructed.[3] Thomas argues that the judge's instruction was erroneous because of the negative connotations associated with references to a defendant's "failure," "neglect," and "refusal" to testify.

"No aspect of the charge to the jury requires more care and precise expression than that used with reference to the right of a defendant in a criminal case to remain silent and not be compelled to incriminate himself, as provided in art. 12 of the Declaration of Rights of the Massachusetts Constitution and the Fifth Amendment to the Constitution of the United States. Even an unintended suggestion that might induce the jury to draw an unfavorable inference is error." *Commonwealth* v. *Sneed,* 376 Mass. 867, 871 (1978), citing *Commonwealth* v. *Maloney,* 113 Mass. 211, 214 (1873), and *Commonwealth* v. *Harlow,* 110 Mass. 411, 412 (1872). See *Commonwealth* v. *Charles,* 397 Mass. 1, 9 (1986) (use of phrase "self-incrimination"); *Commonwealth* v. *Costello,* 392 Mass. 393, 400-401 (1984) (same). A judge must give such an instruction if a defendant requests one, and it is also "reversible error if a judge instructs a jury concerning a defendant's right not to testify when the defendant has requested that no such instruction be given." *Commonwealth* v. *Buiel,* 391 Mass. 744, 746 (1984). That right does not entitle a defendant to specify the precise language of the judge's instruction, but the defendant Thomas's request was a reasonable one, and within the spirit

---

in the trial of a criminal charge — and I will quote — 'Shall at his own request, but not otherwise, be allowed to testify. But his neglect or refusal to testify shall not create any presumption against him.' End of quotations. And that is from Massachusetts General Laws Chapter 233, Section 20. Apart from that statute, the law places the burden of proving all the elements of all the crimes beyond a reasonable doubt on the Commonwealth. And these Defendants, as is their right and privilege have left the burden there and chosen not to testify. No inference unfavorable to these Defendants can be drawn by you by reason of their not testifying. You will concern yourself solely with the evidence you have heard. The jury will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence."

[3] Moore's attorney stated that he was satisfied with the instruction as read, and thus waived any objection.

of our discussion in relevant cases. Cf. *Commonwealth* v. *McGowan, ante* 385, 391 n.6 (1987); *Commonwealth* v. *Charles, supra; Commonwealth* v. *Costello, supra* at 401. The better course would have been to accede to the defendant's request. However, the judge carefully phrased his instructions explaining the statutory terms, avoiding any language carrying adverse connotations. Reading the judge's language in its entirety, we conclude that there was no reversible error.

3. The defendant Moore's attorney submitted a request for a jury instruction on the indictment for indecent assault and battery which stated in part that the Commonwealth was required to prove "[t]hat in taking indecent liberties, there was no intent to commit the crime of rape." Moore's counsel explained his concern that "if an indecent assault and battery is with the intent to commit rape, then I think it's part and parcel of the rape charge as opposed to a separate charge." The judge denied the request.

In his charge to the jury on the aggravated rape indictments, the judge instructed that the jury could find the defendants guilty of the lesser included offenses of rape and assault and battery. The judge instructed separately on the indictments for indecent assault and battery, with no lesser included offenses. At no time did the judge instruct the jury that, to find the defendants guilty of both aggravated rape and indecent assault and battery, they must base those convictions on separate, distinct acts, and may not find the defendants guilty of both offenses based on the same incident or acts. The defendant Thomas's counsel objected after the judge's instructions, requesting that the judge instruct the jury that "any activity that is used to prove the indecent assault and battery must be separate and apart from the activity that is directed toward the rape." The judge refused to give the requested instruction.

After the jury returned the verdicts finding the defendants guilty of aggravated rape, indecent assault and battery, and kidnapping, Thomas's attorney submitted a motion for a required finding of not guilty, or, in the alternative, for a new trial. He argued that the convictions for aggravated rape and for indecent assault and battery were both based on the same

acts, and thus were duplicitous convictions. The judge denied the motion, stating, "I agree with you. But assault and battery is a lesser included offense of rape and aggravated rape. I do not see indecent assault and battery as a lesser included offense of rape or aggravated rape and for that reason, sir, I am denying your motion and your rights are saved."[4]

A defendant may be convicted of two offenses for the same act "if *each* statute requires proof of an additional fact which the other does not." *Kuklis* v. *Commonwealth,* 361 Mass. 302, 306 (1972), quoting *Morey* v. *Commonwealth,* 108 Mass. 433, 434 (1871). That requirement has not been met in this case. We have stated that a defendant may be convicted of assault and battery on an indictment charging rape. *Commonwealth* v. *Gilmore,* 399 Mass. 741, 746-747 (1987), citing *Commonwealth* v. *Richmond,* 379 Mass. 557, 562 (1980). "It follows that, because indecent assault and battery is merely an aggravated form of simple assault and battery, and the element of indecency necessarily inheres in the concept of rape, indecent assault and battery is likewise a lesser included offense of rape." *Commonwealth* v. *Egerton,* 396 Mass. 499, 503 n.3 (1986). See *Commonwealth* v. *Perretti,* 20 Mass. App. Ct. 36, 42-43 (1985).

The Commonwealth argues that convictions on both offenses were permissible because the facts would support a finding by the jury that the acts constituting aggravated rape were distinct from those acts constituting indecent assault and battery. Therefore, the Commonwealth reasons, the defendants have not been subjected to duplicitous punishment for the same act, but instead have been punished for separate crimes. We need not consider whether the evidence would support a finding of two separate incidents in this case, because the judge did not instruct the jury that the convictions must be based on separate acts. Considering the law of the case as the judge instructed the

[4] We conclude that both defendants saved their rights on this issue, based on the judge's statement, "You're both, as far as the record is concerned . . . joined in on each other's requests. And you will each have your rights saved."

jury, the jury may well have convicted the defendants of both aggravated rape and indecent assault and battery based on the same acts or series of acts.

Accordingly, we conclude that, as the jury were instructed, there was duplication in the charges of aggravated rape and indecent assault and battery. Following the principle set forth in *Kuklis* v. *Commonwealth, supra* at 309, we conclude that the sentences imposed on the more serious crime of aggravated rape are valid, and we vacate the sentences imposed on each defendant's conviction of indecent assault and battery, and those indictments are to be dismissed. See *Commonwealth* v. *Cerveny,* 387 Mass. 280, 289 (1982); *Commonwealth* v. *Jones,* 382 Mass. 387, 395 (1981); *Gallinaro* v. *Commonwealth,* 362 Mass. 728, 733 (1973).

4. The defendants argue that the judge erred in failing to instruct the jury on assault with intent to commit rape as a lesser included offense to the indictments charging aggravated rape. We need not reach this issue because counsel for both defendants waived any objections to this aspect of the charge, and withdrew the request for an instruction on assault with intent to commit rape as a lesser included offense.

5. The defendants argue that certain statements by the prosecutor in opening and closing arguments deprived them of a fair trial. We disagree. We begin by noting that neither defendant voiced an objection during the trial, and both raise this issue for the first time on appeal. Therefore, the standard of review is whether there was a substantial risk of a miscarriage of justice. *Commonwealth* v. *Germain,* 396 Mass. 413, 419 (1985). *Commonwealth* v. *Fitzgerald,* 376 Mass. 402, 416 (1978). Moreover, "[t]he absence of objection by defense counsel during or after argument may provide some guidance as to whether a particular argument was prejudicial in the circumstances." *Commonwealth* v. *Kozec,* 399 Mass. 514, 518 n.8 (1987), citing *Commonwealth* v. *Toro,* 395 Mass. 354, 360 (1985). We consider allegedly improper remarks in the context of the entire argument, the judge's instructions to the jury, and the evidence at trial. *Commonwealth* v. *Fitzgerald, supra.*

The defendants argue that it was "outrageous conduct" for the prosecutor to remark in his opening statement that a police officer would testify that she had taken photographs of the victim's injuries, but that those photographs had been lost. We disagree. The police officer testified precisely as summarized by the prosecutor's opening, without objection by either defendant. There was no substantial risk of a miscarriage of justice.

The defendants also argue that various aspects of the prosecutor's closing argument constituted outrageous conduct requiring reversal. First, the defendants argue, the prosecutor repeatedly used inflammatory language in describing the incident, stating the victim had been "brutalized," "beaten," "degraded," "bruised," and "humiliated." The prosecutor's choice of terms describing the injuries inflicted on the victim were supported by the evidence. "To the degree the recitation of the evidence was inflammatory, that was inherent in the odious and brutal nature of the crimes committed." *Commonwealth v. Ingram,* 14 Mass. App. Ct. 999, 999 (1982). Cf. *Commonwealth v. Santos,* 376 Mass. 920, 921 (1978); *Commonwealth v. Guess,* 23 Mass. App. Ct. 208, 212 (1986). There was no substantial risk of a miscarriage of justice.

During his argument, the prosecutor stated that the examining physician had stated in the victim's medical record that "[h]er nose was broken and she was crying." In fact, the doctor had testified that he had suspected that the victim's nose was broken, and had ordered X-rays be taken, which indicated that there was no fracture. The defendants urge that the prosecutor's misstatement of the evidence requires a new trial. We disagree. Immediately following the prior remark, the prosecutor correctly stated, "[T]he doctor later thought [her nose] was broken." Later, the prosecutor again correctly stated the evidence. Moreover, the judge fully instructed the jury that closing arguments are not evidence, and that the jury must rely on their recollection of the evidence, not that of counsel. There was no risk in this instance that the prosecutor's slip of the tongue misled the jury and created a substantial risk of a miscarriage of justice.

Finally, the defendants point to many different "outrageous" statements by the prosecutor. Although the prosecutor may have been close to the line in asking the jury to put themselves in the victim's position, the judge carefully instructed the jury and monitored the argument, once interrupting the argument, although no objection had been made, to caution the prosecutor not to ask the jury to put themselves in the victim's position. In the context of the arguments in their entirety, considering the judge's full instructions to the jury, and considering the absence of any objections from defense counsel, there was no substantial risk of a miscarriage of justice. *Commonwealth* v. *Kozec, supra* at 518 n.8. *Commonwealth* v. *Fitzgerald, supra* at 416.

6. Finally, the defendants argue that the judge erred in denying their postconviction motion to dismiss the indictments because of delay in the preparation of the trial transcripts. The defendants filed notices of appeal on June 29, 1984, and on July 5, 1984, and requests for transcripts on July 2, 1984, and July 5, 1984. The defendants were notified of the availability of transcripts on March 4, 1986, twenty months later.

We have stated that "'specific circumstances . . . such as deliberate blocking of appellate rights or inordinate and prejudicial delay without a defendant's consent, may rise to the level of constitutional error' (infringement of due process or, possibly, equal protection)." *Commonwealth* v. *Lee,* 394 Mass. 209, 220 (1985), quoting *Williams, petitioner,* 378 Mass. 623, 625 (1979), and *Commonwealth* v. *Swenson,* 368 Mass. 268, 279-280 (1975). As in *Commonwealth* v. *Lee, supra* at 221, "[t]he failure to produce transcripts promptly in this case apparently was due to neglect of the court stenographer"; the defendants have not made a showing of "intentional or deliberate misconduct by the prosecutor." In view of our conclusion that the defendants are not entitled to a new trial, the defendants have not demonstrated that they were prejudiced by the delay. *Id.* We do not agree with the defendants' contention that they were prejudiced by the delay in moving to revise or revoke their sentences under Mass. R. Crim. P. 29, 378 Mass. 899 (1979). The defendants could have filed a motion under rule

29 within sixty days after imposition of their sentences. The defendants argue that, because they chose to wait to file motions under rule 29 until after appealing, they were prejudiced by the delay. We disagree. We have never stated that a defendant is restricted to a single motion under rule 29. Cf. 3 C.A. Wright, Federal Practice and Procedure § 587, at 214 (2d ed. 1982 & Supp. 1986) (interpreting Fed. R. Crim. P. 35, the analogous Federal rule).

7. In conclusion, the judgments are affirmed as to the indictments charging aggravated rape and kidnapping. The cases are remanded to the Superior Court, and the sentences imposed on each defendant for indecent assault and battery are to be vacated, and those two indictments are to be dismissed.

*So ordered.*