## COMMONWEALTH *VS.* JOSE DIAZ.

No. 99-P-470.

Middlesex. March 15, 2000. - July 7, 2000.

Present: KASS, GILLERMAN, & JACOBS, JJ.

*Controlled Substances. Evidence,* Prior conviction. *Witness,* Credibility, Impeachment. *Words,* "Deliver."

At the trial of an indictment for possession of cocaine with intent to distribute, the judge's admitting in evidence the defendant's prior convictions for the limited purpose of proving intent to distribute was plain error; however, no substantial risk of a miscarriage of justice resulted, where the defendant's own testimony provided evidence of all the elements of the crime charged. [589-590]

INDICTMENTS found and returned in the Superior Court Department on February 26, 1997.

The cases were tried before *Thayer Fremont-Smith,* J.

*Margaret G. Barmack* for the defendant.

*Joseph T. Thai,* Assistant Attorney General, for the Commonwealth.

GILLERMAN, J. A Middlesex County jury found the defendant guilty of possession of cocaine with the intent to distribute.[1] See G. L. c. 94C, § 32A(*c*). Subsequently, the judge found the

---

[1]The Commonwealth's brief states that the defendant was found guilty of distributing cocaine. The indictment tracks the language of G. L. c. 94C, § 32A(*c*), and charges the defendant with possession with intent to distribute a controlled substance *or* distributing a controlled substance. The judge, however, instructed the jury only as to the elements of the charge of possession with intent to distribute. Without objection from either party, he said that an element of this crime was the specific intent to distribute a controlled substance in the defendant's possession. That instruction became the law of the case, see *Commonwealth* v. *Thomas,* 400 Mass. 676, 681-682 (1987), and we proceed on the premise — as does the Commonwealth from time to time in its brief — that the defendant was found guilty of possession with intent to distribute, even though the transcript reveals that the verdict slips referred to

defendant guilty of committing a second or subsequent offense. See G. L. c. 94C, § 32A(*d*).

Before trial, the judge denied the defendant's motion in limine to exclude all references to the defendant's prior convictions, and he allowed the Commonwealth's motion to permit the introduction of the defendant's prior convictions, but only "to prove intent to distribute." The judge acknowledged the defendant's objection to the allowance of the Commonwealth's motion.

At the close of the Commonwealth's case, the prosecutor read into the record, without objection from the defendant, (i) the defendant's conviction on January 24, 1989, for having manufactured, distributed, or dispensed a class B controlled substance, and (ii) the defendant's conviction on January 29, 1992, for possession of a class B substance with intent to distribute. The judge again instructed the jury, without objection by the defendant, that these prior convictions were "only relevant on the question of intent [to distribute] not possession."[2]

The Commonwealth presented evidence of the defendant's purchase and possession of crack cocaine, and the defendant's transfer of the cocaine to a female undercover police informant (informant).

The defendant took the stand and, in substance, claimed that he did not intend to distribute cocaine. See note 1, *supra*. In brief, his defense was that the informant was a friend with whom he had gotten "high" for eight years, and when she asked the defendant whether he "had anything," he hoped this would be another chance to get "high" with her. It was for this reason that he took the informant to a location where he purchased two rocks of cocaine for $30.00. After the purchase, the defendant handed the cocaine to the informant in exchange for $30.00. He maintained that he made no money on the

the charge of distributing cocaine. The verdict slips are not included in the record appendix.

[2]The defendant did not object to the introduction of the prior convictions or to the judge's instructions, and the objection is therefore waived. See *Commonwealth* v. *Gabbidon*, 398 Mass. 1, 7 (1986); *Commonwealth* v. *Hardy*, 47 Mass. App. Ct. 679, 681 (1999). See also Smith, Criminal Practice and Procedure § 1454 (2d ed. Supp. 2000) ("A defendant who fails to object to the Commonwealth's introduction of evidence after the denial of his motion in limine to prevent its introduction, has waived his right to appellate review"), and cases cited.

transaction.[3] Upon seeing a police vehicle following them, the defendant and a companion fled.

On this factual basis, the defendant claimed that at worst he was guilty of simple possession. The Commonwealth, on the testimony of its witnesses, see note 3, *supra*, argued that there was sufficient proof of the defendant's guilt, as charged.

*Discussion.* The judge's ruling, which permitted the admission of prior convictions on the issue of the defendant's intent to distribute, is inconsistent with the governing statute, the case law, and the scholarly commentary. The ruling was plain error.

General Laws c. 233, § 21, provides that the "conviction of a witness of a crime may be shown to affect his credibility . . . ." See *Commonwealth* v. *Rivera*, 425 Mass. 633, 646 (1997) ("Evidence of a defendant's prior convictions . . . is . . . admissible for the limited purpose of impeaching a defendant's credibility"); Liacos, Massachusetts Evidence § 6.10.2 (7th ed. 1999) (a witness "may be impeached by evidence that he or she has been convicted of a crime . . . . [T]he jury is implicitly asked to infer a readiness to lie from the witness's prior involvement in criminal activity" [footnote omitted]). *Commonwealth* v. *Delrio*, 22 Mass. App. Ct. 712, 719 & n.11 (1986), upon which the Commonwealth relies, involved evidence of prior drug transactions, not prior convictions. See *Commonwealth* v. *Harvey*, 397 Mass. 803, 809 (1986).

Given the failure of the defendant at trial to object to the introduction of the prior convictions, see note 2, *supra*, our review is limited to whether there was a substantial risk of a miscarriage of justice.[4] Evidence of the defendant's prior convictions was highly persuasive that the defendant's intention on this occasion, as was determined to be his intention on past occasions, was to distribute a controlled substance. The judge, moreover, emphasized the importance of the prior convictions by instructing the jury that they could consider those convictions on the issue of the defendant's intent to distribute a controlled substance. That instruction provided the jury with a sound and persuasive reason for a guilty verdict. The admission of the prior convictions, we conclude, would have created a substantial risk of a miscarriage of justice.

[3]The Commonwealth's witness testified that the exchange was with an undercover officer, not the informant.

[4]A motion for a required finding of not guilty was not filed, either at the close of the Commonwealth's case, or at the close of all the evidence.

After the Commonwealth rested, however, the defendant elected to testify, as described earlier. He acknowledged that he had purchased cocaine for cash, and that he transferred the cocaine to the informant, thereby conceding the evidence necessary to establish his intent to distribute cocaine. An essential element of the crime charged is "intent to distribute," see *Commonwealth* v. *Davis*, 376 Mass. 777, 788 (1978), and the judge so instructed the jury.

The defendant's testimony describing exactly what occurred between him and the informant provided evidence of all the elements of the crime charged.[5] The judge's error did not leave the defendant in any worse position than the position the defendant made for himself.[6] There was no substantial risk of a miscarriage of justice, and the judgment is affirmed.

*So ordered.*

---

[5]Namely, intentional possession of a controlled substance, knowing it to be a controlled substance, with intent to distribute the substance.

[6]In his summation the prosecutor told the jury, "The statute doesn't say sale — it says distribute . . . . That's what Jose Diaz did . . . . Jose Diaz himself got on the stand and said yep I handed him [*sic*] two rocks of crack cocaine, I gave it to the [informant]."