**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3968

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Sylvester Louis Bordeaux, also known | * | |
| as Mano Bordeaux, | * | |
| | * | |
| Defendant-Appellant. | * | |

_____

Submitted: June 11, 1997
Filed: August 6, 1997

_____

Before LOKEN and LAY, Circuit Judges, and FENNER,[1] District Judge.

_____

LAY, Circuit Judge.

Sylvester Louis Bordeaux, a.k.a. Mano Bordeaux, was originally charged for attempted aggravated sexual abuse by force in violation of 18 U.S.C. § 2241(a)(1).[2]

_____

[1]The Honorable Gary A. Fenner, District Judge for the Western District of Missouri, sitting by designation.

[2]Section 2241(a)(1) provides in relevant part:

   (a) By force or threat.—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison,

knowingly causes another person to engage in a sexual act—

> (1) by using force against that other person . . . or attempts to do so, shall be fined under this title, imprisoned for any term of years or life, or both.

For purposes of this very serious offense, "sexual act" is defined in 18 U.S.C. § 2246(2) as:

> (A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;
>
> (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;
>
> (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or
>
> (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

Upon the defendant's request at trial, the district court submitted without objection jury instructions on the lesser included offense of abusive sexual contact by force under 18 U.S.C. § 2244(a)(1). Section 2244(a)(1) provides:

On the charge of attempted aggravated sexual abuse, the jury returned the verdict form with a note stating, "After all reasonable efforts, we, the jury, were unable to reach a verdict on the charge 'Attempted Aggravated Sexual Abuse.'" However, the jury did find the defendant guilty of the lesser included offense of abusive sexual contact by force in violation of 18 U.S.C. § 2244(a)(1).[3] While sentencing was pending, the

_____

> (a) Sexual conduct in circumstances where sexual acts are punished by this chapter.—Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal Prison, knowingly engages in or causes sexual contact with or by another person, if so to do would violate—
>
> > (1) section 2241 of this title had the sexual contact been a sexual act, shall be fined under this title, imprisoned not more than ten years, or both.

The term "sexual contact" is defined to include "the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. § 2246(3).

[3]Although it is not asserted on appeal, the government argued before the district court that abusive sexual contact is not a lesser included offense of attempted aggravated sexual abuse. The district court rejected the government's argument, holding as follows:

> As previously set forth, aggravated sexual abuse by force is committed when a person knowingly uses force to engage in a sexual act with a victim. 18 U.S.C. § 2241(a)(1). Abusive sexual contact by force is committed when a person knowingly engages in or causes sexual contact with another person by the use of force. 18 U.S.C. § 2244(a)(1). Eighth Circuit precedent has established that any sexual act will necessarily involve sexual contact. Two Bulls, 940 F.2d at 381. By definition the elements of abusive sexual contact by force as specified in section 2244(a)(1) do form a subset of the elements of aggravated sexual abuse by force as set forth in section 2241(a)(1). See Emmert, 9 F.3d at 703

United States (government) notified the district court that the jury instruction on the lesser included offense failed to include the essential element of force.  On this basis, the court sua sponte granted a new trial; it vacated Bordeaux's conviction as to the lesser included offense and ordered a new trial on the attempted aggravated sexual abuse count.  Bordeaux appealed.  On August 14, 1996, this court found that the district court lacked the authority to order a new trial since the order was made by the court beyond seven days after the verdict.  United States v. Bordeaux, 92 F.3d 606 (8th Cir. 1996); see Fed. R. Crim. P. 33.

Upon remand from this court, the district court held a hearing and sentenced the defendant to the maximum of ten years under the lesser included offense conviction.  Bordeaux now appeals both his conviction and sentence.

Bordeaux initially claims that the district court's failure to include the essential element of force in the jury instruction on the lesser included offense violated his substantial right to a fair trial.  Bordeaux did not file a motion for a new trial nor did his counsel object to the instruction at trial.  On appeal he asserts that the district court's erroneous instruction constituted plain error and requires reversal of the conviction.  The government concedes, as it did in the district court below, that the failure to include the element of force in the lesser included offense instruction constituted plain

---

(citing Cavanaugh, 948 F.2d at 409; Schmuck, 109 S. Ct. at 1450 (establishing that an offense is a lesser included offense only if its elements form a subset of the elements of the charged offense)).

As the district court observed, our opinion in United States v. Two Bulls, 940 F.2d 380 (8th Cir. 1991), points out the obvious that any sexual act will necessarily involve sexual contact.  See also United States v. Demarrias, 876 F.2d 674, 676 (8th Cir. 1989).

error, and the government concedes Bordeaux's argument that he is entitled to a new trial. However, the government urges that Bordeaux should be retried on the original charge of attempted aggravated sexual abuse. On the other hand, Bordeaux argues that a remand by this court for a new trial should be for the lesser included offense only and argues that to subject him to a second trial on the greater offense of aggravated sexual abuse would constitute double jeopardy in violation of the Fifth Amendment to the United States Constitution.[4]

The Motion for a New Trial

Testimony at the original trial demonstrated that on August 7, 1994, Bordeaux intercepted the victim and her boyfriend. After the victim's boyfriend proceeded beyond Bordeaux's trailer, Bordeaux held the victim by the wrist and took her inside to the bedroom. It was claimed that the victim was intoxicated at the time. Bordeaux told her to undress but she refused. The evidence showed that Bordeaux touched and kissed her neck. The parties dispute whether Bordeaux touched and kissed her breasts, and whether Bordeaux was ever on top of the victim holding her wrists. The police thereafter arrived and Bordeaux was arrested.

Both the defendant and the government urge that the district court committed plain error in failing to include the element of force in the jury instruction for the lesser included offense. Under Federal Rule of Criminal Procedure 52(b), this court may notice an error not raised below if (1) there is an error, (2) that is "plain," and (3) that "affect[s] substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). In addition, the error may only be noticed if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 117 S. Ct. 1544, 1549 (1997) (citations omitted). In this case, we must agree that giving the instruction without including the element of force was plain error that warrants reversal

---

[4]The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb."

of the conviction.  See United States v. Webster, 84 F.3d 1056, 1067 (8th Cir. 1996); see also United States v. Voss, 787 F.2d 393, 398 (8th Cir. 1986) (describing an instruction that permitted the jury to convict without properly finding each element of the crime as "grave error").  Because of the omission of the essential element of force, the continued dispute regarding the facts of the alleged incident, and the jury's difficulty in reaching a verdict in the first trial, we "find it necessary to exercise our discretion under Rule 52(b)."  Webster, 84 F.3d at 1067.

Double Jeopardy

The more difficult issue before us is whether the verdict returned in Bordeaux's first trial bars the government from retrying him on the greater offense originally charged, that of attempted aggravated sexual abuse.[5]  Bordeaux argues that the government is precluded under principles of double jeopardy from retrying him for the greater offense on the basis that he has been convicted of the lesser included offense

_____

[5]In submitting the case to the jury with instructions on the greater offense of attempted aggravated sexual abuse as well as on the lesser included offense, the district court instructed:

> If your verdict under these instructions is not guilty, or if, after all reasonable efforts you are unable to reach a verdict, you should record that decision on the verdict form and go on to consider whether defendant is guilty of the crime of abusive sexual contact under this instruction.

The above instruction has been generally approved for use in this circuit. See United States v. Hanson, 618 F.2d 1261, 1265-66 (8th Cir. 1980); Catches v. United States, 582 F.2d 453, 458-59 (8th Cir. 1978); see also United States v. Tsanas, 572 F.2d 340 (2d Cir. 1978).  However, we note by way of illustration that in California a trial court must instruct a jury that it "may not return a verdict on the lesser offense unless it has agreed . . . that defendant is not guilty of the greater crime charged." People v. Fields, 914 P.2d 832, 844 (Cal. 1996) (quoting People v. Kurtzman, 758 P.2d 572, 576 (Cal. 1988).  This approach is necessitated by statutory law in California which bars a new trial on a greater offense following a hung jury on a greater offense and a conviction of a lesser offense.  Fields, 914 P.2d at 840-41.

of abusive sexual contact.  Generally, the Double Jeopardy Clause "affords a defendant protection against a second prosecution for the same offense after acquittal or after conviction, and protection against multiple punishments in the same proceeding for the same offense." United States v. Cavanaugh, 948 F.2d 405, 414 (8th Cir. 1991) (citations omitted).

Bordeaux relies principally upon Green v. United States, 355 U.S. 184 (1957), and Price v. Georgia, 398 U.S. 323 (1969).  In both of these cases in the original trial the jury left the verdict form blank as to the greater offense but returned a guilty verdict on the lesser included offense.  Under the circumstances, the Supreme Court assumed there had been an implied acquittal as to the greater offense. See Green, 355 U.S. at 190; Price, 398 U.S. at 329.[6]  In Green, the defendant was charged with first degree murder but the jury returned a guilty verdict only for second degree murder.  On appeal the conviction was reversed and the case remanded for a new trial.  At the new trial,

---

[6]Justice Marshall, then a circuit judge, observed in United States ex rel. Hetenyi v. Wilkins, 348 F.2d 844 (2d Cir. 1965), that to conclude that a blank verdict form constitutes an "implied acquittal" as to the greater charge is an assumption which is premised only on conjecture.  In Wilkins, the accused was originally convicted of second degree murder, although he was charged with first degree murder.  In discussing whether the state was barred from retrying the defendant for first degree murder, Justice Marshall points out that the failure of the jury to return a verdict on the first degree murder charge—the verdict form was left blank as to that charge—suggested four possibilities.  One was an implied acquittal.  Justice Marshall disavows this assumption on the ground that there are other possibilities, one being that the jury simply could not agree as to the first degree murder charge and there was no unanimous judgment of proof beyond a reasonable doubt that the defendant was guilty.  The third alternative was that it was an expression of sympathy showing that the jury wanted to return the second degree charge because they felt sorry for him.  The fourth possibility was that the jury didn't understand the difference between the two counts.  Justice Marshall then adduced from all of this that because each presented a reasonable possibility, there really was "only one certainty—the state had tried but failed to obtain a conviction for that first degree murder." Id. at 857.

Green was again tried for first degree murder. The Supreme Court concluded that the second trial for first degree murder placed Green in jeopardy twice for the same offense in violation of the Constitution. Based on its conclusion that there had been an implied acquittal, the Court stated:

> After the original trial, but prior to his appeal, it is indisputable that Green could not have been tried again for first degree murder for the death resulting from the fire. A plea of former jeopardy would have absolutely barred a new prosecution even though it might have been convincingly demonstrated that the jury erred in failing to convict him of that offense. And even after appealing the conviction of second degree murder he still could not have been tried a second time for first degree murder had his appeal been unsuccessful.

Green, 355 U.S. 184 at 191.

In summarizing its holding in Green, the Court in Price observed:

> The Court in the Green case reversed the first-degree murder conviction obtained at the retrial, holding that the petitioner's jeopardy for first-degree murder came to an end when the jury was discharged at the end of his first trial. This conclusion rested on two premises. First, the Court considered the first jury's verdict of guilty on the second-degree murder charge to be an "implicit acquittal" on the charge of first-degree murder. Second, and more broadly, the Court reasoned that petitioner's jeopardy on the greater charge had ended when the first jury "was given a full opportunity to return a verdict" on that charge and instead reached a verdict on the lesser charge. 355 U.S. at 191.

Price, 398 U.S. at 328-29.

Bordeaux also argues that Brown v. Ohio, 432 U.S. 161 (1977), supports his argument that once he was convicted of the lesser included offense he could not be retried on the greater offense. However, we find Brown distinguishable from the facts of this case because the greater offense and the lesser included offense were not brought against Bordeaux in successive prosecutions. In Brown, the defendant pleaded guilty to the charge of joyriding, served his punishment, and the state subsequently indicted him for auto theft, arising from the same incident. The Supreme Court held that prosecution of the auto theft charge was barred by the Double Jeopardy Clause since the defendant had previously been convicted in a separate proceeding of joyriding which was a lesser included offense of auto theft. The Court concluded: "Whatever the sequence may be, the Fifth Amendment forbids successive prosecution and cumulative punishment for a greater and lesser included offense." Id. at 169 (footnote omitted). This fundamental protection of the Double Jeopardy Clause prohibiting successive prosecutions for the "same offense," while firmly established, see In re Nielsen, 131 U.S. 176, 187 (1889), simply does not apply where the charges are not brought in separate prosecutions. See Ohio v. Johnson, 467 U.S. 493, 501 (1984) (distinguishing Brown from a case where a defendant is charged with greater and lesser included offenses and prosecuted for those offenses in a single trial, and rejecting the argument that "a determination of guilt and punishment on one count of a multicount indictment immediately raises a double jeopardy bar to continued prosecution on any remaining counts that are greater or lesser included offenses of the charge just concluded").

The government urges that the controlling law is found in United States v. Richardson, 468 U.S. 317 (1984). In Richardson, the defendant was acquitted on one count but the jury was not able to agree on two other counts, so the district court declared a mistrial as to the remaining counts and scheduled a retrial. The defendant argued that such a retrial was barred by the Double Jeopardy Clause, but the Supreme Court rejected that argument, emphasizing that once a jury is unable to reach a verdict and a declaration of mistrial has been made by the court, the hung jury is not the equivalent of an acquittal. The Court relied on a long line of cases, starting with the

opinion of Justice Story in <u>United States v. Perez</u>, 22 U.S. (9 Wheat.) 579 (1824), which hold that "a failure of the jury to agree on a verdict [is] an instance of ‹manifest necessity' which permit[s] a trial judge to terminate the first trial and retry the defendant, because ‹the ends of public justice would otherwise be defeated.'" <u>Richardson</u>, 468 U.S. at 323-24 (quoting <u>Perez</u>, 9 Wheat. at 580). Here, of course, rather than returning a blank verdict form, the jury wrote on the form, "After all reasonable efforts, we, the jury, were unable to reach a verdict on the charge ‹Attempted Aggravated Sexual Abuse.'"

In resolving this complex question, we begin with what is certain. First, jeopardy did not terminate on the greater offense because the jury could not agree as to that offense and the district court therefore declared a mistrial. <u>See</u> <u>Richardson</u>, 468 U.S. at 323-25. Second, jeopardy did not terminate on the lesser included offense because of the established rule that a person can be retried for an offense when a prior conviction for the same offense is set aside for trial error. <u>See</u> <u>Burks v. United States</u>, 437 U.S. 1, 15 (1978). Here, we are reversing the lesser included offense conviction because of the defective jury instruction and therefore Bordeaux can be retried for that offense. Thus, it would appear the issue is not whether the original jeopardy on the greater charge is continuing, but whether the jury's verdict of guilt on the lesser charge, by implication, acquits the defendant of the greater charge.

Initially, we find some support for Bordeaux's position in <u>Green</u> and <u>Price</u>. In <u>Green</u> and <u>Price</u>, the Court's holdings were not based only on the "implied acquittal" inferred from the blank verdict. A second basis for prohibiting retrial on the greater offense in that situation was that the jury, given the opportunity to convict on the greater offense, had been dismissed after returning a verdict only as to the lesser offense. As stated in <u>Price</u>, "[T]his Court has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied <u>by a conviction on a lesser included offense</u> when the jury was given a full opportunity

-10-

to return a verdict on the greater charge." <u>Price</u>, 398 U.S. at 329 (footnote omitted) (our emphasis).

However, after further analysis, we think that neither of the bases for invoking the double jeopardy bar in <u>Green</u> and <u>Price</u> can be applied here. The jury's express statement that it could not agree on a verdict as to the greater offense obviously precludes the inference that there was an implied acquittal. The second basis for those rulings comes from the general rule that if a trial court discharges a jury, over defendant's objection, before a verdict is reached, then the defendant cannot be retried. <u>See Green</u>, 355 U.S. at 188. However, there are exceptions to this rule, and the paradigmatic exception, consistently recognized by the Supreme Court, allows dismissal of the jury and retrial of the defendant when there is a hung jury. <u>See Richardson</u>, 468 U.S. at 324-25; <u>Green</u>, 355 U.S. at 188; <u>Wade v. Hunter</u>, 336 U.S. 684, 689 (1949). Therefore, the fact that the district court declared a mistrial based on a hung jury as to the greater offense makes the second basis for the holding in <u>Green</u> and <u>Price</u> likewise inapplicable.

We have been unable to find any federal case confronting the identical issue presented here. We discovered two state cases which analyze whether a conviction for a lesser included offense bars a new trial on the greater offense where the original jury was unable to agree on a verdict as to the greater offense. <u>See People v. Fields</u>, 914 P.2d 832 (Cal. 1996); <u>Mauk v. State</u>, 605 A.2d 157 (Md. Ct. Spec. App. 1992).[7] Although these cases include discussions of a bar to retrial on the greater offense under the laws of their respective states, they both conclude that retrial is not barred by the Fifth Amendment's Double Jeopardy Clause.

---

[7]Such prosecution of the greater offense is barred under Maryland common law. <u>See Griffiths v. State</u>, 611 A.2d 1025 (Md. Ct. Spec. App. 1992).

While we take very seriously the prospect of an accused having to run the gauntlet of a criminal trial a second time, we find no basis in the Double Jeopardy Clause, and its long line of case law, to bar the retrial of Bordeaux on the greater offense. We find support for this decision in dictum from the Supreme Court in Selvester v. United States, 170 U.S. 262, 269 (1898), where the Court observed:

> Doubtless, where a jury, although convicting as to some, are silent as to other counts in an indictment, and are discharged without the consent of the accused, . . . the effect of such discharge is "equivalent to acquittal," because, as the record affords no adequate legal cause for the discharge of the jury, any further attempt to prosecute would amount to a second jeopardy, as to the charge with reference to which the jury has been silent. But such obviously is not the case, where a jury ha[s] not been silent as to a particular count, but where, on the contrary, a disagreement is formally entered on the record. The effect of such entry justifies the discharge of the jury, and therefore a subsequent prosecution for the offence as to which the jury has disagreed and on account of which it has been regularly discharged, would not constitute second jeopardy.

In conclusion, although in light of Green and Price we find the question difficult, we hold that where the jury expressly indicates that it is unable to reach an agreement on the greater charge, a conviction on a lesser included offense does not constitute an implied acquittal of the greater offense and presents no bar to retrial on the greater offense. Under these circumstances, we find controlling the mandate of the Supreme Court that a retrial following a hung jury does not violate the Double Jeopardy Clause. As Richardson points out, "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." 468 U.S. at 325 (citations omitted). We believe this rule must be applied even though the jury convicted the defendant on the lesser included charge.

On the basis of the above analysis, we find that jeopardy did not terminate by reason of the mistrial on the greater offense or by the guilty verdict returned on the

lesser included offense.[8]  On this basis, we reverse the conviction of the defendant on the lesser included charge and remand to the district  court for a new trial on attempted aggravated sexual abuse.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[8]In this appeal, Bordeaux alternatively raised evidentiary issues as well as serious challenges to the court's application of the Sentencing Guidelines.  In the event that a retrial results in a conviction, we make clear that questions relating to the evidentiary rulings in the new trial, if they are repeated, are reserved and not waived.  We reserve judgment under the facts proven by the government as to the propriety and applicability of the charge of attempted aggravated sexual abuse, which carries a maximum sentence of life imprisonment.  Similarly, we reserve judgment as to the district court's application of the Sentencing Guidelines, particularly the use of the cross-reference of § 2A3.4(c).  See  U.S.S.G. App. C, Amendment 444 (stating the cross-reference is designed for "serious" sexual abuse cases).  By the use of the cross-reference of § 2A3.4(c), and the two level upward adjustment for "physical restraint" in § 3A1.3, the offense level rose from 16 to 33 under the guidelines, enabling the district court to increase the defendant's sentence from the range of 41-51 months to the statutory maximum of ten years.