**Aurelio PINERO, Jr. Petitioner**

v.

**Paul VERDINI, Respondent**

**No. CIV.A. 00–12519–GAO.**

United States District Court,
D. Massachusetts.

Nov. 25, 2003.

Thomas Dee, Cathryn A. Neaves, Attorney General's Office, Boston, MA, for Paul H. Verdini, Defendant.

Aurelio Pinero, Shirley, MA, for Aurelio Pinero, Jr., Plaintiff.

Michael J. Zeman, Bronspiegel & Zeman, New Bedford, MA, for Aurelio Pinero, Jr., Plaintiff.

## MEMORANDUM AND ORDER

O'TOOLE, District Judge.

Aurelio Pinero Jr. has filed a petition for a writ of habeas corpus challenging his Massachusetts conviction for assault with intent to rape. Pinero argues that he was prosecuted and convicted in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution, made applicable to state criminal proceedings by the Fourteenth Amendment. *See Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The respondent opposes Pinero's petition, arguing that the Massachusetts Appeals Court's decision rejecting the petitioner's double jeopardy claim was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1). For the reasons discussed below, Pinero's petition is denied.

A. *Summary of Facts and Procedural History*

The criminal charges brought against Pinero stem from an incident that occurred April 2, 1997. According to the Commonwealth's evidence, Pinero approached a woman in her driveway and threatened her. He made statements to the effect that he intended to rape her. When the victim attempted to escape, Pinero grabbed her by the neck and began to choke her. The encounter ended when the victim attempted to summon help by

sounding her car horn, causing Pinero to flee. *See Commonwealth v. Pinero,* 49 Mass.App.Ct. 397, 729 N.E.2d 679, 681 (2000).

On April 30, 1997, a grand jury returned two separate indictments against Pinero, which were given separate docket numbers in the Massachusetts Superior Court. One charged him with assault with intent to rape in violation of Mass. Gen. Laws ch. 265, § 24 (no. 97–938), and the other charged him with assault and battery in violation of Mass. Gen. Laws ch. 265, § 13A (no. 97–939). Pinero pled not guilty, and a jury trial on both indictments began on March 31, 1998. After the close of the evidence, the judge instructed the jury that proof of a physical touching was an element of the crime of assault with intent to rape. This was error because, under Massachusetts law properly interpreted, proof of touching is not an element of that crime. *See Pinero,* 729 N.E.2d at 682. It is, of course, an element of the crime of assault and battery. *See id.* at 681.

On April 1, 1998, the jury convicted Pinero on the indictment charging him with assault and battery. However, the jury reported that they were unable to reach a unanimous verdict on the indictment for assault with intent to rape, and the judge declared a mistrial as to that indictment. Sentencing on Pinero's assault and battery conviction was postponed until the charge of assault with intent to rape could be retried.

The next day, April 2, Pinero was put to trial before a second jury on the assault with intent to rape indictment. At the conclusion of that trial, the judge gave the second jury the same erroneous instructions about the elements of the offense as she had in the first trial. That is, she told the jury that physical touching was an element of the offense. *See Pinero,* 729 N.E.2d at 682. On April 3, 1998, the sec-

ond jury returned a verdict of guilty on the assault with intent to rape indictment. Pinero was sentenced to a term of nine to twelve years for his conviction of assault with intent to rape and a concurrent term of two years for his assault and battery conviction.

Pinero appealed, contending that his "conviction at the second trial on the charge for assault with intent to rape violated the protection provided by double jeopardy principles, because he previously had been convicted of assault and battery in connection with the same incident." *Pinero,* 729 N.E.2d at 681. The Appeals Court found that the trial judge's erroneous jury instructions, given at both trials, became the law of the case, and as such they had the "effect of making assault and battery, for purposes of this case only, a lesser included offense of the charge of assault with intent to rape." *Id.* at 682. The court then rejected Pinero's argument that subjecting him to a second trial on the assault with intent to rape indictment violated the Double Jeopardy Clause, holding that when a mistrial is declared because of a hung jury, the defendant's jeopardy does not terminate, and he may be tried again on the same charge. *See id.* Although the Appeals Court did not find Pinero's second trial to be a violation of the Double Jeopardy Clause, it did find a violation of the double jeopardy protection against "multiple punishments for the same offense" because the trial court had imposed duplicative sentences for both the lesser included and the greater offenses. *Id.* at 681. Accordingly, the court affirmed the conviction and sentence imposed for the "greater" offense, assault with intent to rape, and vacated the conviction and sentence imposed for the "lesser" offense, assault and battery. *See id.* at 682. Pinero's application for leave to obtain further appellate review was denied by the Supreme Judicial Court. Pinero then filed

the present petition for a writ of habeas corpus.

## B. *Discussion*

The standard of review for a habeas petition like this one is stringent. Pinero must show that the state court's judgment "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Pinero's argument here is addressed to the second test—that the Appeals Court's decision represented an "unreasonable application" of clearly established federal law.

■■ An *unreasonable* application of federal law is not the same as an *incorrect or erroneous* application of federal law. *Williams v. Taylor,* 529 U.S. 362, 410, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The First Circuit has explained that a state court's ruling is not an "unreasonable application" of federal law simply because there was "some error" in the state court's opinion. *McCambridge v. Hall,* 303 F.3d 24, 36 (1st Cir.2002). Rather, some "increment of incorrectness beyond error is required." *Id.* (quoting *Francis S. v. Stone,* 221 F.3d 100, 111 (2d Cir.2000)). "The increment need not necessarily be great, but it must be great enough to make the decision unreasonable in the independent and objective judgment of the federal court." *McCambridge,* 303 F.3d at 36. Moreover, if the question is a close one, with genuine support in Supreme Court cases for alternate or competing positions, the choice to rely on one of the plausible alternatives would not be unreasonable. *See Jackson v. Coalter,* 337 F.3d 74, 84 (1st Cir.2003). Measured against this standard, Pinero's double jeopardy claim comes up short.

■■ His argument is not without support in settled Supreme Court precedent. A greater offense and any lesser included offenses all constitute the "same offense" for purposes of the Double Jeopardy Clause. *Brown v. Ohio,* 432 U.S. 161, 168, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). Successive prosecution of and cumulative punishment for both greater and lesser included offenses are therefore forbidden. *Id.* at 169, 97 S.Ct. 2221. *See also, Price v. Georgia,* 398 U.S. 323, 328–29, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970) (defendant convicted only of lesser included offense; after conviction reversed for trial error, retrial permitted as to lesser offense only, not greater). In Pinero's case, the verdict on the assault and battery indictment was accepted and the jury was discharged as to that indictment, though sentencing was deferred. If he had been put to trial first only on the assault and battery indictment, his conviction of the lesser included offense in the first trial would surely prevent the successive prosecution of the greater offense, and his conviction for assault with intent to rape would have to be vacated.

■■ The matter is not so simple, however. In the first place, the double jeopardy issue only arose by reason of (a) the trial judge's error in instructing as if assault and battery was a lesser included offense of assault with intent to rape and (b) the appellate court's "law-of-the-case" acceptance of the consequences of that error. Under the orthodox interpretation of Massachusetts law, assault and battery is not a lesser included offense of assault with intent to rape, so that the two offenses are not the "same offense" for purposes of the Double Jeopardy Clause and their successive prosecution in separate trials would be entirely unobjectionable. In other words, but for the ad hoc (and post hoc) designation of the assault and battery charge as lesser included, Pinero would have no colorable double jeopardy claim whatsoever. Nevertheless, the state courts' interpretation of state law must be accepted for

these purposes, *see Hamm v. Latessa,* 72 F.3d 947, 954 (1st Cir.1995) (citing *Estelle v. McGuire,* 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)), and so the double jeopardy problem must be considered.

The first trial must be seen as one where the prosecution sought to convict Pinero, simultaneously, of both the greater and lesser offenses. Typically, in such a case the jury would be asked to consider first the greater offense and then move to consider the lesser only if they did not convict on the greater. A jury engaged in that effort might, at the end of deliberations, simply report that they found the defendant guilty of the lesser offense, saying nothing about the greater. In that event, the verdict would be understood as an "implicit acquittal" of the greater charge, *see Green v. United States,* 355 U.S. 184, 191–92, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957), although it could not be known from the jury's silence whether they had actually agreed unanimously that the greater offense was not proven, or rather had simply come to an impasse on that charge, leading them to find unanimous agreement where they could—on the lesser charge.

In this case, the charges were not presented to the jury as greater and lesser included; that construction of them was added later by the Appeals Court. Because the first jury had two indictments before them, silence as to the greater offense was not an option. So, in addition to convicting Pinero on the "lesser," the jury were obliged to report that they were unable to come to unanimous agreement as to the "greater." And this is where the precedential signposts get harder to read. There is no Supreme Court case directly on point.[1]

One route would be to follow the reasoning of *Price v. Georgia* and conclude that the subsequent prosecution of the greater offense is not permitted after conviction of the lesser in circumstances where "the jury was given a full opportunity to return a verdict on the greater charge" but did not do so. 398 U.S. at 329, 90 S.Ct. 1757. Under this approach, it would not matter whether the jury had "implicitly acquitted" the accused because they had unanimously agreed that the element necessary to conviction of the greater offense had not been proven, or whether they had "implicitly acquitted" him of that offense simply because they had not convicted him, having had a full opportunity to do so and having decided to return a verdict only on the lesser charge. *See id.; see also, Green,* 355 U.S. at 191, 78 S.Ct. 221 (jury returned no express verdict on greater offense though "it was given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so"). If this principle were to be applied, Pinero's claim that the second trial violated the Double Jeopardy Clause would be meritorious.

But there is another possibility. It is also clearly established by Supreme Court precedent that where a mistrial is declared upon the jury's failure to agree on a verdict, a second trial is not forbidden by the Double Jeopardy Clause. *See Richardson v. United States,* 468 U.S. 317, 325–26, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984) (jeopardy does not terminate upon mistrial for jury's failure to agree, so second trial permitted.). If the assault with intent to rape charge were to be considered in isolation, there would be no doubt that Pinero could be tried again on that charge after the jury failed to reach a verdict.

---

1. For this reason, at least, the state courts' decision is not "contrary to" established Supreme Court precedent within the meaning of § 2254(d)(1). *See Williams v. Taylor,* 529 U.S. 362, 412–13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

The complication for this approach is that the assault with intent to rape charge was not tried in isolation, and the jury did reach a final verdict as to a lesser included offense. *Richardson* does not expressly answer the question posed by this circumstance. It requires an additional step to say that *Richardson*'s go-ahead for a retrial after a hung jury prevails over *Price*'s stop sign for a retrial on the greater offense after a definitive verdict on the lesser. Either line could be elaborated to answer the question, but as of yet, the Supreme Court has not provided the answer.[2]

And that is what dooms the petition under the standard to be applied. Though there are clearly established principles that have some pertinence to Pinero's situation, there is also a substantial question, about which reasonable minds could disagree, how the tension between them is to be resolved on the facts at hand. "Given the idiosyncratic nature of this case and the dearth of [directly] pertinent authority," *Jackson*, 337 F.3d at 84, it was not unreasonable (even though it might have been incorrect) for the Appeals Court to conclude that the continuation of jeopardy as to the assault with intent to rape charge was not affected by the verdict on the lesser included charge. It is a "close question," and the state court's attempt at resolving it was not an "unreasonable application" of clearly established federal law within the meaning of 28 U.S.C. § 2254(d)(1).

The petition is DENIED.

---

**2.** The Appeals Court cited an Eighth Circuit case, *United States v. Bordeaux*, 121 F.3d 1187 (8th Cir.1997), as support for its conclusion. *Bordeaux* is factually distinguishable from Pinero's case. In *Bordeaux*, the defendant's conviction of the lesser offense was reversed on appeal for trial error. It was in that circumstance that the court held that retrial could be had on the complete indictment—that is, the greater as well as the lesser offense. Pinero's retrial on the greater occurred despite an apparently valid (at least to that point) conviction of the lesser offense.

See also *Sattazahn v. Pennsylvania*, 537 U.S. 101, 123 S.Ct. 732, 154 L.Ed.2d 588 (2003). In *Sattazahn*, the defendant had been convicted of first degree murder and sentenced to life imprisonment in accordance with a statutory mandate under Pennsylvania law when the jury deliberating in the penalty phase of the case was "hung" as to whether the death penalty should be imposed. After his murder conviction was overturned for trial error, he was retried and reconvicted. He argued unsuccessfully to the state courts that the mandatory imposition of the "lesser" life sentence at the conclusion of the first trial meant that he could not again be subject to the "greater" death penalty. The Supreme Court accepted that for purposes of the Double Jeopardy Clause " 'first-degree murder'... is properly understood to be a lesser included offense of 'first-degree murder plus aggravating circumstance(s).' " *Id.* at 740. The Court then held that the mandated imposition of the sentence of life imprisonment when the jury did not agree had not terminated the defendant's jeopardy as to the "first-degree murder plus aggravating circumstances" offense, and following reversal of the conviction on the lesser offense, a second trial on that full offense, including a second "penalty phase," was not foreclosed.