**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1197

AURELIO PINERO, JR.,

Petitioner, Appellant,

v.

PAUL H. VERDINI,

Respondent, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. George A. O'Toole, Jr., U.S. District Judge]

Before

Campbell, Senior Circuit Judge,
Torruella and Selya, Circuit Judges.

Aurelio Pinero on brief pro se.
Thomas F. Reilly, Attorney General, and Daniel I. Smulow,
Assistant Attorney General, on brief for appellee.

February 22, 2005

**Per Curiam**.  We affirm the judgment substantially for the reasons set forth in the district court's decision, Pinero v. Verdini, 295 F. Supp. 2d 184 (D. Mass. 2003), adding only the following comments.  At issue in this habeas petition is whether, after a jury convicts on a lesser included offense but deadlocks on a greater included offense, retrial of the latter is permissible under the Double Jeopardy Clause.  The Massachusetts Appeals Court rejected petitioner's argument that such a retrial constitutes a forbidden second prosecution for the same offense.  Commonwealth v. Pinero, 49 Mass. App. Ct. 397 (2000).  On habeas review, the question is whether that ruling "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  Neither of these standards has been met here.

As the district court explained at greater length, petitioner was charged in separate indictments with (1) assault and battery and (2) assault with intent to rape.  A jury convicted him of the former charge but reported that it was unable to reach a unanimous verdict on the latter.  With petitioner's concurrence, a mistrial was declared as to the latter charge.  A second trial before a new jury was then held on the assault-with-intent-to-rape charge, resulting in a

conviction. Petitioner was thereafter sentenced to concurrent prison terms on these two counts.

The double jeopardy issue arises here only because of a mistaken jury instruction. Under Massachusetts law, assault and battery is not a lesser included offense of assault with intent to rape, since the latter crime does not require proof of a physical touching. Yet at both trials the judge instructed the jury that physical touching was an element of that crime. As the Appeals Court concluded, "[t]his instruction became the law of the case ... and had the effect of making assault and battery, for purposes of this case only, a lesser included offense of the charge of assault with intent to rape." 49 Mass. App. Ct. at 399. The Appeals Court ended up vacating the assault-and-battery conviction as duplicative, while rejecting petitioner's argument that the second trial was improper. See id. (relying on holding in Richardson v. United States, 468 U.S. 317 (1984), that retrial following hung jury does not violate double jeopardy).

In advancing this argument, petitioner has sought support from a pair of Supreme Court decisions involving, not jury deadlock, but jury silence. In Green v. United States, 355 U.S. 184 (1957), and again in Price v. Georgia, 398 U.S. 323 (1970), the Court confronted the following situation: greater and lesser included offenses were presented to the

jury; the jury convicted on the lesser but was silent as to the greater (by leaving part of the verdict form blank); the conviction was reversed and the matter remanded for retrial; and defendant was again tried on both counts (with Green being convicted of the greater and Price again being convicted of the lesser). In each case, the Court ruled that, for double jeopardy purposes, retrial had to be limited to the lesser offense.

As the Price Court noted, this conclusion rested on "two premises":

> First, the Court [in Green] considered the first jury's verdict of guilty on the [lesser charge] to be an "implicit acquittal" on the [greater charge]. Second, and more broadly, the Court reasoned that petitioner's jeopardy on the greater charge had ended when the first jury "was given a full opportunity to return a verdict" on that charge and instead reached a verdict on the lesser charge.

Id. at 328-29 (quoting Green, 355 U.S. at 190-91). Petitioner disclaims any reliance on the "implicit acquittal" rationale, for an understandable reason: "[a] jury's express statement that it could not agree on a verdict as to the greater offense obviously precludes the inference that there was an implied acquittal." United States v. Bordeaux, 121 F.3d 1187, 1192 (8th Cir. 1997).

-4-

Instead, petitioner relies on the second "premise." In his view, this other rationale is unconnected to any notion of implicit acquittal; rather, it is said to apply whenever a jury, having had a "full opportunity" to return a verdict on the greater charge, fails to do so because of jury deadlock (while convicting on the lesser). As the district court observed, the dearth of relevant authority makes it difficult to reject this argument outright--i.e., to conclude that under no circumstances could the second Green/Price rationale be construed to encompass such a situation. Yet we think such a construction highly unlikely for reasons explained in the Green opinion.

The Court there described its second premise as follows:

> But the result in this case need not rest alone on the assumption, which we believe legitimate, that the jury for one reason or another acquitted Green of [the greater offense]. For here, the jury was dismissed without returning any express verdict on that charge and without Green's consent. Yet it was given a full opportunity to return a verdict and no extraordinary circumstances appeared which prevented it from doing so. Therefore it seems clear, under established principles of former jeopardy, that Green's jeopardy for [the greater offense] came to an end when the jury was discharged so that he could not be retried for that offense. *Wade* v. *Hunter*, 336 U.S. 684.

<u>Green</u>, 355 U.S. at 191. As the citation to <u>Wade</u> suggests, the Court's mention of "established principles" seems a clear reference to an earlier part of its opinion, where it stated that "a defendant is placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his consent he cannot be tried again." <u>Id.</u> at 188 (citing <u>Wade</u>). And the Court there immediately took note of an exception to that rule: "jeopardy is not regarded as having come to an end so as to bar a second trial in those cases where 'unforeseeable circumstances ... arise during [the first] trial making its completion impossible, <u>such as the failure of a jury to agree on a verdict</u>.'" <u>Id.</u> (quoting <u>Wade</u>, 336 U.S. at 688-89) (emphasis added; brackets in original).

In light of this discussion, the second <u>Green</u>/<u>Price</u> rationale is unlikely to apply to cases where the jury deadlocks on the greater offense but convicts on the lesser. <u>Cf.</u> <u>Sattazahn</u> v. <u>Pennsylvania</u>, 537 U.S. 101, 112-13 (2003) (opinion of three Justices so suggesting); <u>Bordeaux</u>, 121 F.3d at 1190-93 (so holding under mostly comparable circumstances). For these reasons, as well as the others recited by the district court, the state court's decision cannot be said to have contravened or unreasonably applied clearly established federal law as determined by the Supreme Court.

<u>Affirmed.</u>